Common Pleas Court of Hamilton County.

HENRY L. ROSIN V. ALONZO SNOW ET AL.

Decided May 17, 1929.

*Cramer & Gordon,* for plaintiff in error.

*Milton H. Schmidt,* assistant city solicitor, for the garnishee.

DARBY, J.

The plaintiff in error and defendant in error were respectively plaintiff and defendant in the Municipal Court. The action in the Municipal Court was for necessaries,

and resulted in a judgment in favor of the plaintiff for $87.80. The judgment was not paid, and on October 19, 1928, proceedings in aid of execution upon said judgment were filed, together with a garnishment proceeding against the city of Cincinnati, the employer of the defendant. A hearing was had on such proceedings, in which it was shown that the defendant was an employee of the city; that the city was withholding in aid of the proceedings, the sum of $19 of the personal earnings of the defendant; that within thirty days prior to the institution of such proceedings, the defendant had earned, and was paid the sum of $47, and together with the sum of $19 withheld by the city, his total earnings within that period of thirty days was some $66 or $67.

The court ordered that twenty per cent. of the amount withheld by the city, amounting to $3.80 should be applied on the judgment. The plaintiff excepted to the order, and brings this proceeding to reverse the judgment of the court below.

The question involved in the case is one purely of statutory law. The legislature has not vested the courts with discretion as to the amount which shall be applied on attachment or by proceedings in aid of execution to satisfy a judgment against the head of a family, for necessaries, where it is sought to attach the personal earnings of the debtor.

The plaintiff in error claims that under the statute it was the plain duty of the court to order applied to the judgment, twenty per cent. of the earnings of the debtor for the thirty day period preceding the institution of the proceedings. The amount involved in this case is small, but the principle is the same as if there were involved a large amount.

Where a statutory rule is fixed for the guidance of a court, the only duty of the court is to follow that rule. It can do nothing else. When such rule is departed from, the parties have a right to complain and to seek their proper legal remedy.

Numerous statutes have been referred to pertaining to

this case, but it is only necessary to call attention to G. C. Secs. 10253, 10271 and 10272, to be found in the Justice' code.

Attention is also called to Sec. 11781 of the Code of Civil Procedure, but especially to Sec. 11725 relating to exemptions to heads of families. That section, in paragraph 6, relates to the exemption of personal earnings of the head of a family. It is very specific, in the following language:

"* * * If the claim, debt or demand, for the payment of which it is sought to subject such personal earnings is one for work and labor, or necessaries furnished to the debtor, his wife or dependent family, only 80 per cent. of such earnings shall be so exempt as against such claim, debt or demand. *The amount to be ordered applied upon the judgment, whether the 20 per cent. not exempt as against judgments, upon claims for work, labor or necessities, or the 10 per cent. not exempt as against judgments upon other claims, shall be based upon the earnings for the last 30 days, provided there is due the defendant from the garnishee or respondent, an amount greater than such per cent. of his earnings for 30 days.* * * *"

Plainly, this law requires the court, judge or justice to appropriate and apply twenty per cent. of the personal earnings upon such claims, based upon earnings for the last thirty days, provided there is due the defendant such amount.

In this case, the earnings of the defendant for the thirty days was about $66, 20 per cent. of which would equal $13.20. There was due to him at this time from the city, $19, so that there is no possible reason why the amount set forth in the statute should not have been applied on this judgment. The plaintiff was not only entitled to that amount, but also his statutory costs.

The judgment of the Municipal Court must be reversed, so far as it applies to this order in the garnishment proceedings, and the cause remanded for further proceedings in accordance with the General Code of the state of Ohio.